UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

Case No.: 20-cv-62580

MERLE WOOD & ASSOCIATES, INC.,
a Florida Corporation,

    Plaintiff,
v.

FIRST EXPORT ASSOCIATION OF DUTCH
SHIPBUILDERS, commonly known as FEADSHIP,
a Dutch joint venture comprised of ROYAL
VAN LENT SHIPYARD B.V., a Netherlands
company and KONINKLIJKE DE VRIES
SCHEEPSBOUW B.V., a Netherlands company;
ROYAL VAN LENT SHIPYARD B.V., a
Netherlands company, and FEADSHIP
AMERICA, INC., a Florida Corporation,

    Defendants.
_____/

**MOTION TO DISMISS AND IN THE ALTERNATIVE
UNDER *FORUM NON CONVENIENS***

    COMES NOW Defendant ROYAL VAN LENT SHIPYARD B.V., (hereinafter "ROYAL VAN LENT") by and through undersigned counsel and pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure hereby moves to dismiss the Complaint filed by Plaintiff MERLE WOOD & ASSOCIATES, INC. (hereinafter "MERLE WOOD") lack of personal jurisdiction, improper venue and for failure to state a claim, or in the alternative, on the grounds of *forum non conveniens*. In support of this motion, ROYAL VAN LENT submits the Declaration of Jan-Bart Verkuyl (Exhibit B) and states:

**INTRODUCTION**

    Plaintiff's claims relate to an allegedly unpaid broker commission for a vessel (hull 817) built in the Netherlands, to be delivered in the Netherlands and sold in the Netherlands. Plaintiff

claims that they are owed a broker commission in relation to the sale of hull 817. ROYAL VAN LENT does not believe that U.S. law applies at all to this transaction and even if U.S. law were to apply as set forth more fully below Plaintiff cannot state a claim against ROYAL VAN LENT due to the expiration of the statute of limitations. More importantly for purposes of this motion, under settled law there is no basis for an assertion of personal jurisdiction over defendant ROYAL VAN LENT, a Netherlands corporation with its' principal place of business in the Netherlands for a transaction that occurred in the Netherlands where said defendant is "at home" outside of the United States.

## PLAINTIFF'S JURISDICTIONAL ALLEGATIONS

The Plaintiff has alleged in paragraphs 4-13 of their complaint that both general and specific jurisdiction exist over ROYAL VAN LENT under the Florida Long-Arm Statute 48.193. See Exhibit A, Plt.'s Complaint, ¶¶ 4-13.

## STATEMENT OF FACTS

## CITIZENSHIP OF PLAINTIFF

1. Upon information and belief the Plaintiff, MERLE WOOD, is a resident and citizen of the State of Florida and has been a resident and citizen of the State of Florida since before the commencement of this action in The Circuit Court of the 17th Judicial Circuit in and for Broward County Florida on or about August 7 2020. *Id*. at ¶ 2.

## CITIZENSHIP, PRINCIPAL PLACE OF BUSINESS OF ROYAL VAN LENT

2. ROYAL VAN LENT is a corporation incorporated under the laws of the Netherlands with its principal place of business in the Netherlands. See, Exhibit B, Decl. of Jan-Bart Verkuyl. The principal office and headquarters from where it conducts its day-to-day operations are in the Netherlands. Any records issued by ROYAL VAN LENT and the records received by it are maintained and kept at its offices located in the Netherlands. *Id.*

3. ROYAL VAN LENT does not have, and has not had any principals, executive officers, shareholders, officers, owners, managers, members, employees or directors located in or residing in the State of Florida, or in the United States. *Id*.

4. ROYAL VAN LENT's principals, executive officers, officers, managers, and directors reside in the Netherlands. All of ROYAL VAN LENT's 601 employees are based in the company's offices in the Netherlands. *Id*.

## LOCATION OF THE RELEVANT TRANSACTION

5. The alleged transaction did not take place within Florida. Rather, the contract for hull 817 was signed in Las Vegas, Nevada, hull 817 was built in the Netherlands and hull 817 is to be delivered in the Netherlands. *Id*.

## MEMORANDUM OF LAW

### I. LACK OF PERSONAL JURISDICTION

Personal jurisdiction refers to whether the actions of an individual or entity as set forth in the applicable statutes permit the court to exercise jurisdiction brought against the individual entity in the State of Florida. *See generally* F.S. 48.193; *Venetian Salami Co. v. Parthenais,* 554 So. 2d 499, 500 (Fla. 1989). The applicable statute against non-resident defendants is the Florida Long-Arm Statute, 48.193, which lists the requirements for personal jurisdiction, which can be either general or specific jurisdiction. Defendant respectfully submits that this Court lacks both general and specific jurisdiction against ROYAL VAN LENT.[1] There can be no personal jurisdiction under the Florida Long Arm statute F.S. 48.193 (2) over ROYAL VAN LENT a Netherlands based

---

[1] The fact that the Plaintiff is based in Florida is irrelevant to the jurisdictional analysis. As stated in *Hansa v. Denckla*, "the unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state . . . " 357 U.S. 235, 253 (1958). The relationship of the non-resident defendant with the forum state must arise out of contacts that the "defendant himself" creates with the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

company for claims allegedly related to an unpaid broker commission on a vessel that was built in the Netherlands, sold in the Netherlands and that is to be delivered in the Netherlands which meet the requirements established by the U.S. Supreme Court in *Daimler AG v. Bauman*, 571 U.S. 117 (2014) and nor is there a sufficient connection between Florida and the Plaintiff's underlying claims to meet the requirements of specific jurisdiction as recently addressed by the Florida Third District Court of Appeals in *Fincantieri-Cantieri Navali Italiani S.p.A. v. Yuzwa*, 241 So. 2d 938 (Fla. 3d DCA 2018).[2] To assert personal jurisdiction over ROYAL VAN LENT would constitute a denial of due process to ROYAL VAN LENT and thus would violate the Fourteenth Amendment of the U.S. Constitution.

### A. **GENERAL JURISDICTION DOES NOT EXIST OVER ROYAL VAN LENT**

It is established law that a federal court may only properly exercise personal jurisdiction over a non-resident defendant if two requirements are satisfied: (1) the state long arm statute; and (2) the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Fraser v. Smith*, 594 F.3d 842, 845 (11th Cir. 2010). General jurisdiction can be invoked only when a defendant's affiliations with the forum render it "essentially at home in the forum State." *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011). The Supreme Court decisions in *Daimler* and *Goodyear* raised the requirements to establish general jurisdiction over a non-resident defendant. The U.S Supreme Court has made clear that a defendant is "at home" either: (a) in the place it is incorporated; or (b) in the place where it maintains its principal place of business. *See Daimler*, 571 U.S. at 137. The reach of the F.S. 48.193 (2) is coextensive with the limits on personal jurisdiction imposed by the Due Process Clause of the U.S. Constitution.

---

[2] Florida courts including the Florida Third District Court of Appeals have recognized and followed the constitutional due process requirements for general and specifically addressed by the United States Supreme Court in the *Goodyear* and *Daimler* cases, supra. See e.g., *Fincantieri,* 241 So.3d 938 (Fla. 3rd DCA 2018).

Page **4** of **18**

*See Fraser* 594 F.3d at 846.[3] The contacts required to establish general jurisdiction are quite exacting and must be especially pervasive and substantial to satisfy F.S. 48.193(2). Accordingly, the exercise of general jurisdiction is only proper when Defendant's contacts with Florida are "so continuous and systematic as to render [the defendant] at home in the forum state". *See Daimler,* 571 U.S. at 127. Additionally, "a corporation's continuous activity of some sort within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity". *See Daimler,* 571 U.S. at 132. In *Daimler,* the Supreme Court made it clear that general jurisdiction cannot be exercised solely on a foreign corporation's continuous and systematic business in the forum state and rejected the agency theory of jurisdiction. In both *Goodyear* and *Daimler*, the Supreme Court explained that with respect to a corporation, the proper forum for the exercise of general jurisdiction is the place of incorporation and the principal place of business. See *Daimler*, 134 S. Ct. at 760 (*quoting Goodyear*, 564 U.S.at 925). In *Daimler* the U.S. Supreme Court also provided guidance on what the general jurisdiction analysis must involve as it stated: [t]he general jurisdiction inquiry does not focus entirely on the magnitude of the defendant's in state contacts, [but instead] calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide . . . a corporation that operates in many places can scarcely be deemed to be at home in all of them." *See* 571 U.S. at 139, no. 20.

Plaintiff has alleged that general jurisdiction exists under F.S. 48.193(2) , because along with the co-defendants ROYAL VAN LENT "engaged in substantial and not isolated activity

---

[3] The federal courts have acknowledged and followed the dictates of the Florida courts that the Florida Long Arm statute must be strictly construed and any doubts about the applicability of the statute to a foreign or non-resident defendant must be resolved in favor of the foreign defendant and against a conclusion that personal jurisdiction exists. *See Gadea v. Star Cruises, Ltd.*, , 949 So. 2d 1143 (Fla. 3rd DCA 2007). In particular, the U.S. Eleventh Circuit Court of Appeals has given significant weight to the restrictive application of the Florida Long Arm Statute. *See, e.g., Fraser, supra.*

within Broward County, Florida", which will not suffice under these facts. In the instant case ROYAL VAN LENT is incorporated in the Netherlands and its principal place of business is in the Netherlands. See, Exhibit "B", Decl. of Jan-Bart Verkuyl. Therefore, general jurisdiction does not exist over ROYAL VAN LENT as it is not incorporated in the State of Florida and its principal place of business is not in Florida, and thus it is not at home in Florida. *See Daimler* and *Fincantieri, supra.*4

### B. SPECIFIC JURISDICTION DOES NOT EXIST OVER ROYAL VAN LENT

Section 48.193(1)(a) of the Florida Long Arm Statute lists several specific acts that could subject a nonresident defendant to personal jurisdiction in Florida, provided that the plaintiff's cause of action "arises from" the specified acts, that is only when the plaintiff's cause of action arises from, or is directly related to, a defendant's contacts with the forum state. *See Consolidated Dev. Corp. v. Sherritt,* 216 F. 3d 1286, 1292 (11th Cir. 2000). Minimum contacts will support specific jurisdiction only where the foreign defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws". *Id.* at 1291, *citing* to *Hanson* 357 U.S. at 253.[5] More specifically, regardless of whether the facts alleged in a plaintiff's complaint satisfy the requirements of, or come within the ambit of, the Florida long-arm statute those facts do not automatically satisfy the due process requirement of minimum contacts as the federal due process analysis is not built into Florida's Long Arm statute. *See Internet Solutions Corp. v. Marshall*, 39 So. 3 1201,1207 (Fla. 2010) *citing with authority Venetian Salami,* 554 So. 2d at 502. The requirement that there be minimum contacts is

---

4 In paragraph 4 of its complaint Plaintiff admits that ROYAL VAN LENT is a company incorporated in the Netherlands.

[5] For the purposes of the minimum contacts analysis, contacts are commonly assessed over a period of years prior to the filing of the complaint. *See Metropolitan Life Ins. Co. v. Robertson Ceco Co..*, 84 F. 3d 560, 569 (2d Cir. 1996); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 409-11 (1984).

grounded in fairness and assures that "the defendant's conduct and connection with the forum state [is] such that he should reasonably anticipate being hailed into court there". *See Consolidated,* 216 F.3d at 1291, *citing World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). In practice, this means that a plaintiff must establish that both the statutory and due process requirements for specific jurisdiction have been met. *See Fraser* 594 F.3d at 848.

As to the first part of Fla. Stat. Sec. 48.193(1)(a)(1), "[o]perating, conducting, engaging, in, or carrying on a business . . . in this state" the relevant inquiry is not whether ROYAL VAN LENT does business in the State of Florida, but rather whether the Plaintiff's causes of action arise from ROYAL VAN LENT's business in Florida. *See Fincantieri,* 241 So. 3d at 946 citing with authority *Moo Young v. Air Canada*, 445 So.2d 1102, 1104 (Fla. 4th DCA 1984) ("The fact that a non-resident does business in Florida is not enough to obtain jurisdiction over it.  In addition, there must be some connection between the cause of action pleaded and the business operations conducted in Florida").  This "connection" is known as the "connexity requirement". *Id*.  In *Fincantieri* while the Court acknowledged that the Italian defendant did business in Florida, the determining factor was whether there was an apparent connection between the plaintiff's personal injury claims and the business conducted by the Italian defendant in Florida.  In *Fincantieri*  the Court held that there was no apparent connection between the plaintiff's claims and the Italian's business in Florida, because the vessel on which the incident had occurred was not constructed in Florida; the vessel was not purchased in Florida; the vessel was not owned by a Florida entity; the vessel did not embark  from a Florida port, and the injury occurred in the Pacific Ocean.  The fact that the Italian defendant had sold similar cruise ships in Florida was not dispositive as the court held that it was "far too remote to satisfy the connexity requirement under both the long arm statute and the Due Process Clause." *See Fincantieri,* 241 So. 3d at 940-41.  Additionally, the Court held that the fact the Italian defendant had an office in the State of Florida was not dispositive. *See*

*Fincantieri,* 241 So. 3d at 946.

In this case MERLE WOOD's complaint includes the following three counts: count I breach of contract; count II unjust enrichment; and count III promissory estoppel. Specific personal jurisdiction analysis requires evaluation of each count in a complaint. *See, Custom Fab, Inc. v. Kirkland*, 2014 U.S. Dist. LEXIS 8419, 2014 WL 260090, at *2 n.2 (M.D. Fla. Jan. 23, 2014). In the instant case the Plaintiff has not alleged any facts which support their allegation that the transaction or the alleged breach of contract or the quasi-contractual claims for the broker commission in question occurred in Broward County or the State of Florida. The Plaintiff's three counts all allege that there was an "agreement" or "promise" to pay MERLE WOOD a broker commission for the sale of hull 817. See Exhibit A, Plt.'s Complaint, ¶¶ 23, 32, and 37. Specific personal jurisdiction may be established under Section 48.193(1)(a)(7)[6] only if a defendant breaches a contract in Florida by failing to perform acts contractually required to be performed in Florida. *See, KVAR Energy Sav., Inc. v. Tri-State Energy Sols., LLP*, 2009 U.S. Dist. LEXIS 3007, 2009 WL 103645, at *13 (M.D. Fla. Jan. 15, 2009); *see also Gazelles FL, Inc. v. Cupp*, 2018 U.S. Dist. LEXIS 224581 (M.D. Fla. Sep. 25, 2018). Nowhere in MERLE WOOD's complaint does it allege that ROYAL VAN LENT was contractually required to perform any acts in Florida. *See, Wallace Buick Co. v. Rite Way Auto Transp. LLC*, 279 So.3d 151 (Fla. 4th DCA 2019)(holding that failure to pay an alleged debt due in Florida is insufficient, without more, for minimum contacts to exist); *see also Cornerstone Inv. Funding, LLC v. Painted Post Grp., Inc.*, 188 So. 3d 904, 905 (Fla. 4th DCA 2016). Instead, MERLE WOOD's complaint details significant acts which have no connection to Florida notably paragraph 16 of the complaint states:

> 16.     This introduction of Mr. Fertitta to Feadship included Merle Wood and Peter Croke travelling to Holland to physically introduce Mr. Fertitta to Feadship in person, and to tour him through both the Van Lent and DeVries shipyards.

---

[6] This section states: "Breaching a contract in this state [Florida] by failing to perform acts required by the contract to be performed in this state[Florida]."

Page **8** of **18**

See Exhibit A, Plt.'s Complaint, ¶ 16.  Additionally, MERLE WOOD's complaint alleges only generally that ROYAL VAN LENT visited MERLE WOOD in Florida for in-person meetings but not that ROYAL VAN LENT visited Florida in relation to the sale of hull 817:

> 9.  . . . . Moreover, Feadship, Van Lent, and De Vries have sent their officers and/or directors for in-person meetings with MW&A in Broward County, Florida.

See Exhibit A, Plt.'s Complaint, ¶ 9.  There is no specific allegation in the complaint that ROYAL VAN LENT visited Florida at any time in relation to the sale of hull of 817.

Based on the factual allegations in the Plaintiff's complaint MERLE WOOD has not satisfied the requirements necessary to establish specific jurisdiction.  Even assuming *arguendo* that there is a contract between MERLE WOOD and ROYAL VAN LENT, which is denied, for a broker commission for the sale of hull 817 ROYAL VAN LENT's contacts with Florida are insufficient because the mere execution of a contract with a Florida resident and failure to make payment in Florida are not constitutionally sufficient. *See Venetian Salami*, 554 So. 2d at 501, 503 (explaining that a nonresident's contract with a Florida resident alone, or the mere failure to pay money in Florida, cannot automatically establish sufficient minimum contacts to warrant the exercise of long arm jurisdiction).

The main problem with the Plaintiff's allegations supporting specific jurisdiction is that any of the acts of ROYAL VAN LENT alleged in the complaint, which are all denied, were not committed in Florida as the vessel was built in the Netherlands, the vessel is to be delivered in the Netherlands and the contract for the sale of hull 817 was signed and executed in Las Vegas, Nevada. *See*, Exhibit B.  Further, there is no nexus, direct affiliation or substantial connection between Plaintiffs' claims and any contract or business activities between ROYAL VAN LENT and Florida.  *See Gadea*, 949 So. 2d at 1149-50 (No specific jurisdiction existed over a Hong Kong company who owned the vessel upon which the plaintiff was injured while the vessel was in

international waters off the coast of China);[7] *See also Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 137 S. Ct. 1773, 1781 (2017) (explaining that "a defendant's relationship with a. . . third party, standing alone, is an insufficient basis for jurisdiction"); *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1223-24 (11th Cir. 2009) ("A finding that such a tenuous relationship between the [foreign defendant's] relevant contacts and the negligence of the captain who was not employed or controlled by the [foreign defendant] somehow satisfied the relatedness requirement would not only contravene the fairness principles that permeate the jurisdictional due process analysis, but would also interpret the requirement so broadly as to render it virtually meaningless.")

Consistent with the opinions in *Fincantieri* and *Gadea*, and the Plaintiff's own allegations the Plaintiff's claims against ROYAL VAN LENT arise from a transaction that occurred outside of Florida and that had no connection to Florida.

## II.     FAILURE TO STATE A CLAIM

Although ROYAL VAN LENT asserts that U.S. law does not apply as the relevant transaction occurred in the Netherlands, even if U.S. law were to apply no causes of action can lie against ROYAL VAN LENT based on the expiration of the statute of limitations for MERLE WOOD's claims. MERLE WOOD's complaint alleges in paragraph 24 the following:

> 24.     In approximately 2017, Mr. Fertitta purchased a superyacht from Feadship at an approximate total cost of $175 million. Accordingly, Feadship is obligated to pay MW&A its due and owing commission on Mr. Fertitta's new build Feadship superyacht purchase.

(See Exhibit "A", Plaintiff's Complaint, ¶ 24). However, the contract for the sale of hull 817 was signed on September 9, 2015. See, Exhibit "B". It also undisputed that there is no written contract

---

[7] The Court in *Gadea* defined the term "arising from" as requiring a direct affiliation, nexus or substantial connection between the basis for the plaintiffs' cause of action and the defendants business activity in the state. *See Gadea*, 949 So. 2d at 1148.

between MERLE WOOD and ROYAL VAN LENT, or anyone for that matter, in relation to a broker commission for hull 817. The first payment under the contract for hull 817 was made on September 15, 2015. *Id*. The statute of limitations applicable to all of MERLE WOOD's claims provides a four (4) year window to file a complaint for "[a] legal or equitable action on a contract, obligation, or liability not founded on a written instrument." Fla. Stat. § 95.11(3)(k); *see also Swafford v. Schweitzer*, 906 So.2d 1194, 1195 (Fla. 4th DCA 2005) (noting that the statute of limitations for unjust enrichment claims is four years under § 95.11(3)(k)). MERLE WOOD filed its complaint on August 7, 2020 which makes August 7, 2016 the critical date for statute of limitations purposes. Under Florida law, the general rule is that "the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues." Fla. Stat. § 95.031. In the instant case the latest time that a broker confers a benefit upon a seller is when the first payment by the buyer to the seller is made. *See, Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 857 F. Supp. 2d 1294 (S.D. Fla. 2012)(analyzing statute of limitations issues in the context of a broker commission dispute and holding that that the statute limitations should begin running on the date when the first payment was made by the buyer to the seller). Here the first payment by the buyer was made on September 15, 2015 and therefore all of MERLE WOOD's claims against ROYAL VAN LENT are time barred. See, Exhibit "B".

### III.     *FORUM NON CONVENIENS*

In the alternative to ROYAL VAN LENT's motion to dismiss ROYAL VAN LENT moves to dismiss on the grounds of *forum non conveniens* in that the Netherlands is the more convenient and appropriate forum and the case should be brought in a court in the Netherlands. The doctrine of *forum non conveniens* vests district courts with the discretion to dismiss a case when another forum would have jurisdiction and trying the case in the plaintiff's chosen forum would be oppressive or vexatious to the defendant or would be otherwise inappropriate based on a weighing

of several private-and public interest factors. *See generally Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). To dismiss a case based on *forum non conveniens* is a determination that the merits should be adjudicated elsewhere. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) (citations omitted). Thus, "[a] district court ... may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *See* Ruhrgas, 549 U.S. at 431-32. "The doctrine of *forum non conveniens* permits a court with venue to decline to exercise its jurisdiction when the parties' and the court's own convenience, as well as the relevant public and private interests, indicate the action should be tried in a different forum." *See Pierre-Louis v. Newvac Corp.*, 584 F.3d 1052, 1056 (11 Cir. 2009). More specifically, a court evaluates a *forum non conveniens* motion by considering whether 1) an adequate alternate forum is available; 2) private interest factors favor the alternate forum, with a strong presumption in favor of Plaintiffs' initial choice of forum; 3) public interest factors favor the alternate forum; and 4) Plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice. *See Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1269 (11 Cir. 2009). For example in the case of *Abeid-Saba v. Carnival Corp.*, the Florida Third District Court of Appeals held that Italy was a more convenient forum for an incident involving injuries suffered by U.S. citizens which occurred while they were on board a passenger vessel off the coast of Italy. 184 So. 2d 593 (Fla. 3rd DCA 2016).

## **WITNESSES**

The individuals employed by ROYAL VAN LENT who may have knowledge of the transaction in question related to hull 817 located in and residents of the Netherlands. See, Exhibit B. Pursuant to the allegations in the Plaintiff's complaint one of the highlighted activities that MERLE WOOD alleges forms the basis of its claim is found in paragraph 16 of the complaint:

16.     This introduction of Mr. Fertitta to Feadship included Merle Wood and

> Peter Croke travelling to Holland to physically introduce Mr. Fertitta to Feadship in person, and to tour him through both the Van Lent and DeVries shipyards.

See Exhibit A, Plt.'s Complaint, ¶ 16.

**ADEQUATE ALTERNATIVE FORUM**

In order to establish whether the Netherlands present an adequate alternative forum, it must be shown that: (1) ROYAL VAN LENT is amenable to process in the Netherlands, and (2) the subject matter of Plaintiffs' lawsuit is cognizable in the Netherlands and provides Plaintiffs with a redress. *See, Windt v. Qwest Communs. Int'l, Inc.*, 544 F. Supp. 2d 409 (D.N.J. 2008) (finding the Netherlands was an adequate alternative forum). The first prong of the *forum non conveniens* analysis involves two considerations: whether the alternative forum is available and whether it is adequate. A forum is available when that forum can assert jurisdiction over the action and if the parties will not be deprived of remedies or treated unfairly. *See, Beaman v. Maco Caribe, Inc.*, 790 F.Supp.2d 1371, 1376 (S.D. Fla. 2011). The forum will still be deemed available even if it does not provide the same benefits as courts in the United States. *See, Piper Aircraft*, 454 U.S. at 255. The adequate alternative forum requirement will generally be satisfied when the defendant is amenable to process or consents to jurisdiction in the foreign jurisdiction. *See, Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 865 (11th Cir. 2007); *Satz McDonnell Douglas Corp.*, 244 F.3d 1279, 1282 (11th Cir. 2001). As a corporation based in the Netherlands and formed under the laws of the Netherlands it is clear that ROYAL VAN LENT is amenable to process in the Netherlands. See, Exhibit B. Additionally, many courts have found that the Netherlands is an adequate alternative forum for contractual and quasi-contractual claims as have been asserted by MERLE WOOD in this matter. *See, Results v. ASF Holland, B.V.*, 2019 U.S. Dist. LEXIS 160791 (S.D. Fla. Sep. 20, 2019) (Holding that the Netherlands was an adequate alternative forum for contractual claims); *see also Evolution Online Sys., Inc. v. Koninklijke*

*Nederland N.V.*, 41 F. Supp. 2d 447 (S.D.N.Y. 1999) (Holding that the Netherlands was an adequate alternative forum for unjust enrichment claims.

### PRIVATE INTEREST FACTORS

Private interest factors include the ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, and all other practical problems that make trial of a case easy, expeditious and inexpensive. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507, 508 (1947) ("A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself"). The plaintiff may not, by choice of an inconvenient forum, vex, harass, or oppress the defendant by inflicting upon him expenses or trouble not necessary to his own right to pursue its remedy. *Id.* at 508. As the U.S. Supreme Court stated in *Piper Aircraft, supra,* "a citizens forum choice should not be given dispositive weight, however". 454 U.S. at 256.

Here, the practical concerns of litigation favor an alternative forum in the Netherlands. No relevant evidence is located in Florida. Apart from the Plaintiff no United States citizen is likely to be a witness. Most of the witnesses and documentary evidence are located in the Netherlands. See, Exhibit B. Thus, the cost of obtaining the attendance of willing witnesses would be severely reduced if this action were pursued in the Netherlands since most of the witnesses reside in the Netherlands and for any witnesses residing in the Netherlands the cost would be significantly less than if they were to travel to Florida. The Netherlands will provide for the compulsory attendance of witnesses and cooperation in judicial proceedings, discovery, testimony, evidence investigation as well as other parts which comprise judicial proceedings. Even if ROYAL VAN LENT's witnesses were to appear voluntarily in this Court the cost of travel, hotels and translation would be far greater here in the United States than in the Netherlands. *See e.g., Sibaja v. Dow Chemical*

*Co.*, 757 F.2d 1215, 1217, n. 5 (11th Cir. 1985) (in affirming a *forum non conveniens* dismissal the court stated: "The cost of obtaining evidence from Costa Rica would be substantial, if possible. The Defendants would not be able to implead potential third party defendants located in Costa Rica in this action in Florida"); *see also Da Rocha v. Bell Helicopter Textron, Inc.*, 451 F.Supp.2d 1318, 1324 (S.D. Fla. 2004) (*forum non conveniens* dismissal; likelihood of substantial Spanish testimony supports dismissal); *Heinz v. Grand Circle Travel*, 329 F. Supp. 2d 896 (W.D. Ky. 2004) (Swiss courts were reasonable and fundamentally fair alternative forum).  In summary the private interest is not in equipoise but in fact weighs substantially in favor of dismissal. *See Membreno v. Costa Crociere, S.P.A.*, 425 F.3d 932, 936-37, (11th Cir. 2005); (Most of the witnesses, medical records, and documentary evidence located in Italy, Spain, Monaco, and Honduras and these "practical problems" of litigation favor an alternative forum).

## PUBLIC INTEREST FACTORS

Public interest factors bear on questions of administrative difficulties flowing from court congestion, local interest in deciding localized controversies, the avoidance of unnecessary problems in conflict of laws, and the unfairness of burdening citizens in an unrelated forum with jury duty. *See Gulf* Oil, 330 U.S. at 508.  The need to apply foreign law is a public interest factor that mitigates strongly in favor of dismissal. *See Membreno*, 425 F.3d at 936-37 citing *Sigalas v. Lido Maritime, Inc.*, 776 F.2d 1512, 1517, 1520 (11th Cir. 1985).

Here, the public interest factors favor dismissal. No significant relationship exists between the parties or the transaction and Florida or even the United States. ROYAL VAN LENT is not at home in Florida. Its base of operations and headquarters are in the Netherlands. Neither the State of Florida nor the United States would have any interest in a case involving a transaction which occurred in the Netherlands and is subject to the law of the Netherlands.  The only connection of the instant lawsuit to the United States or to Florida is the domicile of the Plaintiff and the law

practice of Plaintiff's attorneys which have been deemed insufficient. *See Membreno v. Costa Crociere, S.A.,*, 347 F. Supp. 1289 1299 (S.D. Fla. 2004) ("[I]n this case, the major connection to the United States is the law practice of Plaintiff's attorney." quoting *Bautista v. CSCS International N.V.*, 350 F.Supp. 2d 987 (S.D. Fla. 2003) (further stating that "the habitual generosity of American juries is not a reason to try the case here")).  Accordingly, Florida does not have a strong interest in litigating the instant dispute against ROYAL VAN LENT but rather the public interest factors favor litigation in the Netherlands. *See e.g., Abeid-Saba supra.* (Italy was an adequate and alternative forum); *Heinz v. Grand Circle Travel*, 329 F. Supp. 2d 896 (W.D. Ky. 2004)(Swiss courts were reasonable and fundamentally fair alternative forum); *Giglio v. Carnival Corp.* 2012 AMC 2705 (S.D. Fla. 2012) *aff,d* 525 Fed. Appx. 651 LTD. (11th Cir. 2013) (Italy was an adequate and alternative forum).

Accordingly, the public and private interest factors point to only one conclusion: this case should not be litigated in Florida.  *See Satz,* 244 F.3d at 1284;  *see also Ford v. Brown*, 319 F.3d 1302, 1306-07 (11th Cir. 2003) (court applied two part inquiry standard of when deciding *forum non conveniens* issue, considering first the availability and adequacy of the alternative fora and then the public interest/private interest balancing test).

### **NO UNDUE INCONVENIENCE OR PREJUDICE**

There will be no undue prejudice or inconvenience to the Plaintiff if suit is re-filed in the Netherlands.  ROYAL VAN LENT, stipulates that it will waive any statute of limitations or jurisdictional defenses for the purposes of being sued in the Netherlands and that it will accept service of process.

### **CONCLUSION**

There exist a number of reasons which warrant the dismissal of the Plaintiff's complaint. The first is based on the fact that this Court lacks both general and specific jurisdiction under the

Florida Long Arm Statute (F.S. 48.193) over ROYAL VAN LENT.  The Florida Long Arm Statute must be strictly construed and any doubts about the applicability of the statute must be resolved in favor of a foreign defendant and against a conclusion that personal jurisdiction will exist.  ROYAL VAN LENT is a non-resident defendant and its contacts with the State of Florida, if any, do not render it of "at home in Florida" as its principal place of business was in the Netherlands from where its principal office and headquarters are located and from where it conducts its day to day operations.  There are insufficient connections between Florida and Plaintiff's claims as stated in its complaint.  None of the alleged acts or breaches, which are denied, related to the transaction in question were committed within Florida, but rather took place in the Netherlands. There is no reason for ROYAL VAN LENT to have foreseen being sued in a Florida court for a transaction that occurred almost entirely in the Netherlands. To subject ROYAL VAN LENT to the personal jurisdiction of this Court would constitute a denial of due process.  The second reason is that no cause of action can exist against ROYAL VAN LENT as the statute of limitations has expired in relation to all of the Plaintiff's claims.  The last reason, and in the alternative to all the others, the more convenient forum for the Plaintiff's claims against ROYAL VAN LENT would be in a court in the Netherlands as the evidence meets the standards of *forum non conveniens.*

      WHEREFORE, Defendant ROYAL VAN LENT moves this Court to dismiss the Complaint filed by the Plaintiff in its entirety with prejudice or in the alternative for *forum non conveniens* and award it all other relief which this Court deems just and equitable.

Dated this 16th day of December, 2020.

                Respectfully submitted,

                /s/Ryon L. Little
                Ryon L. Little
                Fla. Bar No. 26402
                E-mail: rlittle@dkmaritime.com
                Jan M. Kuylenstierna
                Fla. Bar No. 375985

Email: jkuylenstierna@dkmaritime.com
Charles G. De Leo
Fla. Bar No. 353485
Email: cdeleo@dkmaritime.com
De Leo & Kuylenstierna, P.A.
Attorneys for Defendant
8950 S.W. 74th Court, Suite 1710
Miami, Florida 33156
Telephone: 786-332-4909
Facsimile: 786-518-2849
Attorneys for ROYAL VAN LENT and FEADSHIP AMERICA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of December, 2020, a true and correct copy of the foregoing was served by electronic mail on:

| | |
|---|---|
| Mike Pfundstein, Esq.<br>Mike Pfundstein, P.A.<br>FL Bar No.: 906085<br>888 E. Las Olas Blvd., 4th Floor<br>Fort Lauderdale, FL 33301<br>Tel: 954-779-7440<br>E-mail: map@mp-pa.com<br>Counsel for Plaintiff | |
| | |

*s/Ryon L. Little*_____
Ryon L. Little